**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CARMELA BINGHAM,<br><br>      Plaintiff<br><br>    v.<br><br>CREDIT COLLECTION SERVICES, INC.,<br><br>      Defendant | )<br>)<br>)<br>)<br>)<br>)  **Civil Action No.:**<br>)<br>)  **COMPLAINT AND DEMAND FOR**<br>)  **JURY TRIAL**<br>)<br>)  **(Unlawful Debt Collection Practices)**<br>)<br>) |

### <u>COMPLAINT</u>

CARMELA BINGHAM ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT COLLECTION SERVICES, INC. ("Defendant"):

**INTRODUCTION**

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

- 1 -

PLAINTIFF'S COMPLAINT

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant's principal office is located in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19143.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      In the alternative, Plaintiff is a person granted a cause of action under the FDCPA.  See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. December 22, 2000).

8.      Defendant is a debt collection company with its corporate office located at 2 Wells Avenue, Department 9133, Newton, Massachusetts 02459.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.    At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

12.    The alleged debt Defendant was attempting to collect, an unpaid Comcast Cable bill, arose out of transactions, which were primarily for personal, family, or household purposes.

13.    Plaintiff disputes the alleged debt that Defendant is attempting to collect.

14.    By way of background, Plaintiff had been a subscriber of Comcast, and sought to add an additional service.

15.    After ordering the service, but before any equipment was delivered, Plaintiff cancelled the Comcast service.

16.    Sometime later, Plaintiff began receiving bills for this additional service.

17.    Plaintiff contacted Comcast and was advised that its records did not show any equipment having been delivered and/or any service installed.

18.    Comcast informed Plaintiff it was a mistake, to disregard the bills, and that it would correct its records.

19.    Plaintiff did not receive any further bills from Comcast.

20.    Despite that there was no debt owed, beginning in or around

November 2013, Defendant contacted Plaintiff, both in writing and on her cellular telephone, in its attempts to collect an alleged debt.

21.    When calling Plaintiff, Defendant would call, at times, more than once a day.

22.    For example, on November 26, 2013, Defendant called Plaintiff at 3:21 p.m. and 3:38 p.m.

23.    Also, on or after November 21, 2013, Defendant sent Plaintiff a letter threatening that "adverse credit information is scheduled to be reported to a credit bureau(s)." See Exhibit A, Defendant's November 21, 2013, letter.

24.    Nowhere in its correspondence to Plaintiff does Defendant inform Plaintiff that it would notify the credit reporting bureaus that the debt was disputed, and upon information and belief, Defendant did not intend notify the credit reporting bureaus that the debt was disputed, although Defendant knew or should have known that Plaintiff did not owe a debt and/or disputed the debt, as she had contacted Comcast about the alleged debt and they informed her that no debt was owed.  See Exhibit A.

25.    Because she did not owe the debt and did not want this to adversely affect her credit, on or about December 3, 2014, Plaintiff spoke with Defendant regarding the alleged debt.

26.    Defendant demanded payment of the alleged debt.

27.    Plaintiff informed Defendant that she disputed owing the debt and why she disputed owing the alleged debt.

28.    In response, Defendant threatened to continue calling Plaintiff until she paid the alleged debt.

29.    Upon information and belief, Defendant possessed no documentation validating the alleged debt.

30.    Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notification of her rights to dispute the debt and/or request verification of the debt.

31.    Defendant's actions as described herein were made with the intent to harass, abuse, deceive, and upset Plaintiff.

## DEFENDANT VIOLATED
## THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

24.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692d.

a.    A debt collector violates § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b.    Here, Defendant violated § 1692d of the FDCPA by calling

Plaintiff on her cellular telephone, at times, multiple times a day in an attempt to collect a debt which Plaintiff does not owe as well as threatening to continue contacting her about a debt she did not owe.

## COUNT II

25.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8) and 1692e(10).

a.    A debt collector violates § 1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

b.    A debt collector violates § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

c.    A debt collector violates § 1692e(8) of the FDCPA by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

d.    Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or

attempt to collect any debt or to obtain information concerning a consumer.

e.     Here, Defendant violated §§ 1692e, 1692e(2)(A), 1692e(8) and 1692e(10) of the FDCPA by threatening to report to a credit agency that she owed a debt, when no debt was owed and/or not disclosing that the debt was disputed, as well as falsely claiming she owed a debt when no debt was owed.

## COUNT III

26.     Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f and 1692f(1).

a.     A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

b.     A debt collector violates § 1692f(1) of the FDCPA by collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

c.     Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA by failing to investigate Plaintiff's dispute of the debt, as well

- 7 -

as attempting to collect an amount that Plaintiff did not owe,

and continuing to call her about a debt she did not owe.

## COUNT IV

27.     Defendant's conduct, as detailed in the preceding paragraphs, violated

15 U.S.C. § 1692g.

a.      A debt collector violates § 1692g(a) of the FDCPA by failing to

send to the consumer, within five days after its initial

communication with a consumer in connection with the

collection of a debt, a written notice containing: (1) the amount

of the debt; (2) the name of the creditor to whom the debt is

owed; (3) a statement that unless the consumer, within thirty

days after receipt of the notice, disputes the validity of the debt,

or any portion thereof, the debt will be assumed to be valid by

the debt collector; (4) a statement that if the consumer notifies

the debt collector in writing within the thirty-day period that the

debt, or any portion thereof, is disputed, the debt collector will

obtain verification of the debt or a copy of a judgment against

the consumer and a copy of such verification or judgment will

be mailed to the consumer by the debt collector; and (5) a

statement that, upon the consumer's written request within the

thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b.  Here, Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, CARMELA BINGHAM, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.  Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CARMELA BINGHAM, demands a jury trial in this case.


RESPECTFULLY SUBMITTED,

Date: August 18, 2014       By: /s/ Craig Thor Kimmel
                                 Craig Thor Kimmel
                                 BBO# 662924
                                 Kimmel & Silverman, P.C.
                                 30 E. Butler Pike
                                 Ambler, PA 19002
                                 Phone: (215) 540-8888
                                 Fax: 877-788-2864
                                 Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT